No. 30,326.

THE STATE OF KANSAS, *Appellant*, v. BERLE NEEDHAM, *Appellee*.

(4 P. 2d 464.)

Opinion
filed November 7, 1931.

*Roland Boynton*, attorney-general, *R. O. Mason*, assistant attorney-general, *Thornton D. Scott*, county attorney, and *William J. Scott*, of Abilene, for the appellant.

*Joseph E. Lynch*, of Herington, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action in five counts for violation of R. S. 21-952 *et seq.*, commonly known as the Sunday labor law. A motion to quash counts 1 and 2 of the information was sustained. The state appeals.

Count 1 alleged that on a certain Sunday the defendant exposed for sale and sold the Sunday Kansas City *Star*, and count 2 charged that on the same Sunday appellee compelled certain persons under his charge and control to work, the work performed being the distribution of the Sunday Kansas City *Star*. The statutes under which these prosecutions were had are as follows:

"Every person who shall either labor himself or compel his apprentice, servant or any other person under his charge or control to labor or perform any work other than the household offices of daily necessity, or other works of necessity or charity, on the first day of the week, commonly called Sunday, shall be deemed guilty of a misdemeanor, and fined not exceeding twenty-five dollars." (R. S. 21-952.)

"Every person who shall sell or expose to sale any goods, wares or merchandise, or shall keep open any grocery, on the first day of the week, commonly called Sunday, shall on conviction be adjudged guilty of a misdemeanor, and fined not exceeding fifty dollars." (R. S. 21-955.)

"The last section shall not be construed to prevent the sale of any drugs or medicines, provisions, or other articles of immediate necessity." (R. S. 21-956.)

It will be noted that R. S. 21-952 excepts from the provisions of

the statute works of necessity or charity, and R. S. 21-956 provides that the provisions of R. S. 21-955 shall not apply to the sale of articles of immediate necessity. The two counts in the information to which the motion to quash was sustained charge the sale of the Sunday Kansas City *Star* and the compelling of others to work in the distribution of the Kansas City *Star*. The court sustained the motion to quash on the theory that metropolitan Sunday papers are a necessity in this day and age. The state appealed from that order, and that is the question which is before this court. We have reached the conclusion that the words "works of necessity" and "other articles of immediate necessity," as used in these statutes, should be given a much broader meaning than that contended for by the state.

At this stage of the world's progress, with the means of gathering news that are available, we have grown to expect far more expeditious service on the part of the newspapers of the state than was rendered during the days when the statute in question was passed. When we know that Colonel Lindbergh and his wife are flying towards Japan one evening, we, on the other side of the globe, who are compelled to stay at home, have grown to expect to read in the paper the next morning about their successful landing. We are becoming aware more than ever of the effect political and economic upheavals in countries on the other side of the globe have upon our business affairs. When we know that the king of Spain is about to abdicate we expect to be able to read the details of it the next morning when the paper is thrown on our porch. When there is a situation in France or England which we know is about to demand the introduction of a new ministry we expect to ascertain the details and probable effect from our perusal of the next paper. The school boy knows who the stars for Harvard and Yale are and wants to know how they performed in the big game on Saturday. In order to bring us this information the news-gathering agencies are far flung to the uttermost ends of the earth. This court will take judicial notice of the fact that these demands are met by the Sunday papers of our larger cities. From the small boy whose first thought on arising Sunday morning is the comic section, to the son grown older who turns eagerly to the sport page, the young daughter who peruses the society column, and father and mother who turn their attention to the more serious pages, the Sunday paper is looked upon and has grown to be a necessity, and this court so holds.

. Appellant makes a further point that the question of whether or not any article is "an article of immediate necessity" or whether work is a "work of necessity" is a question of fact for the jury and not a question of law; that a paper, for instance, which would be a necessity in one community would not be a necessity in another. We have seen fit to put this decision upon the broader ground that the metropolitan Sunday newspaper is a necessity and the work of distributing it necessary work. To hold this to be a question of fact would be to construe the statute so that one community might have its Sunday paper, while another might not, and would make all enforcement of the statute a local issue. We have concluded this was not intended by the legislature.

The decision of the lower court is affirmed.